IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>LUIS A. HERNANDEZ-RAMIREZ<br>Defendant | CRIMINAL 05-0159CCC |

**O R D E R**

On May 13, 2005, defendant Luis A. Hernández-Ramírez pled guilty before U.S. Magistrate-Judge Gustavo-Gelpí to Count One of the Information filed in this case, which is a spin-off of the Indictment originally filed on September 22, 2004 in U.S. v. Luis A. Hernández-Ramírez, et. al., Criminal No. 04-338(CCC). After reviewing the Report and Recommendation filed by Magistrate-Judge Gelpí on that same date (docket entry 7), which reflected that defendant's plea was voluntarily and intelligently entered with awareness of his rights and the consequences of pleading guilty, the Court accepted Hernández-Ramírez' plea of guilty on May 20, 2005 and scheduled the case for sentencing on August 29, 2005 (docket entry 8).

Upon reviewing the record in Criminal No. 04-338 for another matter, the Court noticed that on May 4, 2005 co-defendant Herber E. Hérnandez-Ramírez, the brother of Luis A. Hernández-Ramírez, filed an Informative Motion stating that he had been offered a Pre-trial Diversion Agreement by the U.S. Attorney's Office based on, among other conditions, "[t]hat his brother and co-defendant enter [a] plea of guilty in this case as negotiated between he and the prosecution." Informative Motion filed in Crim. No. 04-338, docket entry 67, at p. 1. The Court noted that motion on May 12, 2005. (Docket entry 69 in Crim. No. 04-338).

In light of the representations made by defendant Herber E. Hernández-Ramírez in his Informative Motion filed in Crim. No. 04-338, it appears that the government's offer to both brothers consisted of a "package deal," i.e., conditioning the referral of Heber to the Pre-Trial Diversion Program (PTDP) on Luis' plea of guilty to the information filed in this case. Having re-reviewed now the plea agreement of Luis Hernández-Ramírez filed in this case (docket entry 3),

CRIMINAL 05-0159CCC                                    2

we note that it fails to mention such a linkage between his plea and his brother's referral to the PTDP. Not surprisingly, the Report and Recommendation does not state that the Magistrate-Judge actually probed into the effects that this linkage may have had on defendant's voluntariness to change his plea.

"[T]he disclosure of the existence of a package plea deal is crucial at the Rule 11 hearing so that the district court may probe as deeply as needed into the possibility that one defendant is pleading guilty against his will in order to make it possible for his co-defendant to obtain the benefit of a favorable plea and sentencing recommendation." United States v. Abbott, 241 F.3d 29, 34 (1st Cir. 2001). The responsibility of alerting the Court on the existence of a package deals lies on the prosecutor. Abbott, 241 F.3d at 35, United States v. Martínez-Molina, 64 F.3d 719, 733 (1st Cir. 1995). From the record before us (which we note does not include the transcript of the change of plea hearing conducted by Magistrate-Judge Gelpí), it does not appear that the prosecutor in this case so alerted the Magistrate-Judge.

Accordingly, in order to clarify the record, the Court VACATES the May 20, 2005 Order (**docket entry 8**) which accepted the plea of guilty of defendant Luis A. Hernández-Ramírez, and REMANDS the matter to Magistrate-Judge Gelpí for a supplemental evidentiary hearing on voluntariness so that he may adequately ascertain, and so establish for the record, whether defendant pled guilty of his own volition or because of undue pressure to save his brother Herber from the criminal charges. If the Magistrate-Judge was in fact aware of this situation and explored this matter with defendant during the Rule 11 colloquy conducted on May 13, 2005, then no evidentiary hearing will be necessary but the Report and Recommendation should be supplemented to reflect his findings on this specific matter.

SO ORDERED.

At San Juan, Puerto Rico, on June 9, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge